N. .HARRIS v. THE ÆTNA INSURANCE COMPANY.

A policy insures a person against loss or damage by fire, to the amount of $5,000, for the term of one year, on his merchandise, hazardous or not hazardous, and on his machinery, tools, and fixtures, contained in the five-story brick building occupied by him as a tobacco factory and warehouse, Nos. 19 and 21, situated on the west side of Hammond street, between Third and Fourth streets, in Cincinnati; adding that the premises were heated by a furnace in the cellar, and connected with the building by wooden bridges from the upper story; and that the premises were occupied as a tobacco factory.   .

Held, that parol evidence was admissible to show that a room, connected by

wooden bridges with the main building and used as part of the tobacco factory, was included in the premises described.

*Cox, Burnett & Follett* and *Geo. E. Pugh,* for plaintiff.

*Hoadly & Johnson,* for defendant.

·TAFT, J.    This case comes up on a petition in error, and the plaintiff in error was plaintiff below.

The suit was for a loss, under a policy of insurance, upon certain merchandise, machinery, tools, and ·fixtures.    There is no dispute about the loss or the amount of the loss; but the question is, whether the policy included the property lost.    It consisted of tobacco, situated in the fifth story of a building on Main street, which was used by the plaintiff in connection with a five-story brick building fronting on Hammond street, the connection being by wooden bridges across an area.

The policy "insured C. W. Roback against loss or damage by fire, to the amount of $5,000, for the term of one year, on·his merchandise, hazardous or not hazardous, and his machinery, tools, and fixtures, contained in the five-story brick building occupied by him as a tobacco factory and warehouse, Nos. 19 and 21, situated on the west side of Hammond street, between Third and Fourth streets, in Cincinnati, Ohio.    The above premises heated by a furnace in the cellar and connected with the building by wooden bridges from the upper story.    May 30, 1867."

" The above premises are occupied as a tobacco factory. March 12, 1868."

The plaintiff, Harris, has become entitled to the right of Roback under this policy.    The Main-street building was burnt, and the tobacco of the insured, which was in the fifth story, was lost.

The answer denies that the defendant insured any property of the plaintiff at any other place than at Nos. 19 and 21, on the west side of Hammond street, and denies any loss of property insured by the defendant.

The plaintiff proposes to prove, and it was admitted that it could be proved, that when the policy of insurance was obtained, the tobacco in the fifth story of the Main street building was shown to the agent of the defendant as part of the subject of insurance, and that a surveyor on behalf of the defendant examined it all, including that in the fifth story of the building on Main street, which was occupied as part of the factory and warehouse by the insured, and that the said fifth story was used entirely and exclusively in connection with the said five-story building as a part of said factory and warehouse, and was accessible only by and through its connection with said five-story brick building fronting on Hammond street.

The judge, at Special Term, ruled out the evidence as inconsistent with the written description in the policy, and instructed the jury that the plaintiff was not entitled to recover for the loss; to which the plaintiff excepted.

The question is, whether the merchandise in the fifth story of the Main-street building was covered by the policy under the circumstances, and whether this evidence was competent. First, does the description in the policy necessarily include the tobacco in the fifth story of the Main-street building without the parol testimony to explain the surroundings of the subject of the contract; and, secondly, if not, does it so necessarily exclude this tobacco that no parol testimony can show that it was included? The language can not be changed by parol evidence; but by parol or verbal testimony the jury or the court may be aided in ascertaining in what sense the words were actually used.

It is obvious that this property, in the fifth story of the Main-street building, would not be held to be necessarily included in the description as part of the merchandise, machinery, and tools in the five-story building without the aid of parol proof to explain its connection with it. Nor do we think that the language of the description necessarily *excludes* property in a room opening into or connected with the five-story brick building, as this is shown to have

been. The consequence is that we think that the evidence was competent. This is one of the cases in which a written contract, which is to be construed in the light of the circumstances appearing in evidence, may be construed even by the jury, under the direction of the court. And it is proper for us, now that the statement of the proof is before us, to go further and say that in our opinion the fifth story of the Main-street building was, by a fair construction of the language of the policy, *included* in the "five-story brick building occupied by him as a tobacco factory and warehouse, Nos. 19 and 21, situated on the west side of Hammond street." Nor is this construction inconsistent with subsequent expression in the description, viz: "The above premises heated by a furnace in the cellar, and connected with the building by wooden bridges from the upper story." The building on Main street had not been mentioned or alluded to in any way, so as to require or even justify our construing the word "building" as referring to the Main-street building. The only building known to the description was "the five-story brick building occupied by the insured as a tobacco factory and warehouse, Nos. 19 and 21," etc. The sentence may not be correct in form, but nevertheless we take the word "building" to refer to the the same premises intended in the preceding sentence; and the language must be taken to indicate that the premises were not all within the walls of the building, but that some part of them were connected with it by wooden bridges. There was an evident ellipsis, which might be supplied thus, "Part of the above premises are connected with the main building by wooden bridges;" or, "the above premises are connected by wooden bridges from the upper story of the building." Nor do we think it would be going beyond the authorities in like cases, upon such evidence, to reject the words "with the building," and read it simply, "the above premises are connected by wooden bridges from the upper story."

Upon the whole, we think that a man knowing the facts as they existed at the time to which we have referred, and reading the policy in the light of them, would naturally in-

clude the tobacco in the fifth story of the Main-street building as part of the insured premises. If such would be the case we do not think it necessary that the plaintiff should be put to the risk of losing his insurance by failing to show a mutual mistake in a suit for a reformation of the contract. If it may be read so as to include the tobacco as it stands, and if the circumstances under which the contract was made require us so to read it, we think they may be shown by parol evidence.

The judgment will be reversed.